Burket, J.
The attention of the court is called to the rule of this court announced in Sabin v. Corcoran, 52 Ohio St., 690, which reads as follows: “Application for a re-hearing will not be entertained when made at a term subsequent to that at which the judgment is rendered, notwithstanding such re-hearing is requested by one of the judges. ’ ’
The case in which that rule was announced, was disposed of by the affirmance of a judgment of both the common pleas and circuit courts, and thereby the case was finally disposed of, and it could not return to this court for any purpose; while in the case here under consideration, the circuit court reversed the judgment of the common pleas, and this court affirmed the circuit court, and remanded the case to the common pleas for a new trial. Upon such new trial in the common pleas, a judgment -was rendered for the plaintiff below, which was affirmed by the circuit court. The case then again came here on petition in error by the defendant below to reverse the judgments of both the circuit and common pleas courts. While the ease comes here this last time on a new record, the old record and briefs still remain on file in this court, *225 and the case when it so returns is still regarded as the same case that was here before. That this is so appears from section 440, Revised Statutes, which provides among other things that, “when a case is disposed of, and again comes into court, it shall be taken up as if it had its original place on the docket. ” So that this court construes the rule referred to as applying only to cases which are finally disposed of, and do not return to this court for review. Under this construction of the rule the rehearing was properly granted. Acheson v. Miller, 2 Ohio St., 203.
The action is founded upon the breach of the contract between the parties. That the defendant below was guilty of acts amounting to a breach of the contract, was in effect found by the court of common pleas of Marion county, in the action between the same parties upon the same contract, and for the purpose of this case, might as well be conceded. Such being' the case, the question arises as to the rights of the parties.’ Their rights and remedies must depend upon the nature, terms and effect of their contract, and what they have done under it.
The parties by the terms of their contract, entered into a copartnership for the term of five years, for the purpose of running' a stave and heading factory at Agosta, Ohio, for the joint profit of both parties. The defendant below on his part agreed to furnish the use of the factory at Agosta, owned by him, and all the capital necessary to carry on the business. The plaintiff below on his part agreed to devote his entire time, ability and energy to the successful prosecution of the business, and to render an account once each month When the profits should be sufficient to remunerate the de *226 fendant below for his entire investment, then he was to deed to plaintiff below one undivided half interest of what should be left after taking out defendant’s investment.
The consideration promised on defendant’s part, was the use of the factory and necessary capital; on the plaintiff’s part his entire time, ability and energy.
The contract fails to state how much of the plaintiff’s time, ability and energy, should pay for the use of the mill alone, or how much thereof for the use of the necessary capital alone. All of his time, ability and energy, was to pay for the use of both mill and capital. The use of both mill and capital, is the consideration for the time, ability and energy, combined. The contract is, therefore entire and not separable. The authorities are to the effect that when the consideration is single and entire, that the contract is entire, even though the subject of the contract consists of two or more distinct and independent items. Miner v. Bradley, 22 Pick., 457; 2 Parsons’ on Contracts, 517; Fish v. Folley, 6 Hill, 54; Shaffer v. Lee, 8 Barb., 412.
In this case the consideration on both sides is entire, and it is therefore clear that the contract is entire and indivisible.
For the breach of such a contract, only one action can be maintained. As the contract is single and entire, so the cause of action for its breach, is single and entire, even though there be different acts, each of which constitutes a breach of the contract. The breach of the contract may be more aggravated, but it cannot be more ample, by many acts in violation thereof, than by one act. One act sufficient to cause a breach of the contract, puts an end thereto, and many acts can not *227 do more than end the contract. For putting an end to the contract by one or many breaches thereof, one action lies, and upon a final judgment being' rendered in such action, all the damages and causes of action arising from such breach of the contract, become merged into such judgment.
If from the nature of the contract, and the breach thereof, the party injurod has sustained damages, and has also other property rights under the contract, he must include his whole claim in one action, and if he omits a part, and recovers judgment for a part only, he cannot sustain another action for the omitted part, because the whole injury caused by the breach of the contract, is merged in the judgment recovered on the part sued for. A single cause of oaction cannot be split up into two or more causes of action; neither can two or more actions be sustained against the same party, on a single cause of action.
Stein v. Steamboat, 17 Ohio St., 471, and cases there cited; Erwin v. Lynn,, 16 Ohio St., 539, and cases there cited; Ewing v. McNairy, 20 Ohio St., 315; James v. Allen County, 44 Ohio St., 226.
From these considerations and authorities, it clearly appears that the judgment recovered by the plaintiff below in Marion county, in the action brought on this contract, exhausted all his rights and remedies for a breach of the contract, that the same are merged in said judgment, and that he has no further right of action by reason of such breach. It follows that the judgment of the court of common pleas in favor of defendant below, is right, and should be affirmed, and that all the other judgments in the case should be reversed, set aside and held for naught.

Judgment accordingly.